UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CORNELL HENRY, III**<br>DOC #93026 | **CIVIL ACTION NO. 2:12-2735**<br>**SECTION P** |
| **VERSUS** | **JUDGE WALTER** |
| **14TH JUDICIAL DISTRICT COURT, ET AL** | **MAGISTRATE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff Cornell Henry, III on October 22, 2012. Plaintiff is housed in the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana. Based on his claims herein it appears that plaintiff is a pre-trial detainee. Plaintiff names the following as defendants herein: the 14th Judicial District Court (14th JDC); the District Attorney's Office/Prosecutor; and, the Public Defender's Office.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff claims that on June 21, 2012, his motions for a preliminary examination and his right to a speedy trial were denied by the 14th JDC. He further claims that his bail is excessive and that he has been denied effective assistance of counsel by the Public Defender's Office.

As relief for the above, plaintiff asks for due process of law and to have the excessive bail obligation released.

*Law and Analysis*

1.  *Frivolity Review*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

2.  *42 U.S.C. §1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983.

In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained

of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### 3. On-going State Court Proceeding

It appears that plaintiff's complaints are the subject of an ongoing criminal prosecution pending in the state court. Thus, the abstention doctrine enunciated in *Younger v. Harris*, 91 S. Ct. 746 (1971) requires this court to abstain from considering these claims.

In *Younger*, the Supreme Court recognized a need for federal courts to abstain from interfering in on-going state court proceedings. When federal court jurisdiction would interfere with pending criminal, civil, or administrative state proceedings, the federal court must abstain from exercising jurisdiction. For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996), citing *Middlesex Country Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982).

Plaintiff's state court suit satisfies all three of these requirements. The proceedings are on-going, the state has an important interest in dealing with matters involving state prisoners and the prison system, and the state proceeding will afford the plaintiff an opportunity to raise

constitutional challenges. Thus, this court finds that the principles enunciated in *Younger* bar this court from considering the plaintiff's claims.

Based on the foregoing,

IT IS RECOMMENDED THAT plaintiff's claims herein be DISMISSED WITHOUT PREJUDICE until the pending criminal case has run its course.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 15th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE